US DISTRICT COURT OF SOUTHERN NEW YORK

Richard Hans Gillich
Plaintiff

Vs.

STATE OF NEW YORK
Defendants Et Al

RECEIVED

Motion denied without prejudice. Plaintiff has not complied with the Court's rules concerning applications for injunctive relief, and additionally has left blank "placeholders" for the date(s) on which he purportedly gave notice to his adversary of his requested relief (see Doc. 46 at 3).

SO ORDERED.

Philip M. Halpern
United States District Judge

Dated: White Plains, New York
November 6, 2026

Case No: 26 CV-05551 (PMH)

WRITTEN TESTIMONY BY:
Richard Hans Gillich
Beneficiary of the Constitution
Competent Witness

# MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION

PLEASE TAKE NOTICE that upon the accompanying Declaration of Richard Hans Gillich with exhibits, the Memorandum of Law in Support, the Complaint, and all prior proceedings herein, Plaintiff Richard Hans Gillich, proceeding *pro se*, respectfully moves this Court, pursuant to Rule 65 of the Federal Rules of Civil Procedure for an order to:

(1) A Temporary Restraining Order, with or without notice, restraining and enjoining Defendants, their agents, officers, employees, attorneys, and all persons acting in concert with them from conducting a tax foreclosure auction or sale, transferring, conveying, encumbering, or otherwise interfering with the Subject Premises located at 218 Beekman Avenue, Sleepy Hollow, New York 10591 (Tax Map No. 115.15-1-41), pending a hearing and determination of Plaintiff's application for a preliminary injunction; and

(2) A Preliminary Injunction, following notice and a hearing, restraining and enjoining Defendants from the same conduct pending a final determination of this action.

This Motion is filed in compliance with Rule 4(F) of this Court's Individual Practices, which concerns applications for injunctive relief, including emergency and/or temporary injunctive relief. The Court's Order dated October 14, 2026 (Doc. 41) denied Plaintiff's prior motion without prejudice for failure to comply with Rule 4(F). Plaintiff has cured all deficiencies identified by the Court as set forth in the Certification of Compliance below.

## CERTIFICATION OF COMPLIANCE WITH RULE 4(F) OF THE COURT'S INDIVIDUAL PRACTICES

Pursuant to Rule 4(F) of this Court's Individual Practices, Plaintiff certifies as follows:

**1. A. A concise statement of the nature of the underlying dispute and the nature of the emergency relief sought.**

This is a civil rights and quiet title action arising from a tax foreclosure proceeding commenced by the Town of Mount Pleasant against deceased individuals—Elizabeth Mikulasek (died August 17, 1994) and Dr. Adeline Gillich (died October 18, 2010)—and against Plaintiff Richard Hans Gillich, under Index No. 76226/2024 in the New York State Supreme Court, Westchester County. Plaintiff, as Heir and beneficiary of the Estates of the deceased and through the RESTASSURED FAMILY TRUST (Control No. 632193554), claims lawful ownership and possession of the Subject Premises at 218 Beekman Avenue, Sleepy Hollow, New York 10591. Plaintiff seeks emergency relief restraining a scheduled tax foreclosure auction, preventing the transfer or encumbrance of the Subject Premises, and prohibiting Defendants from trespassing upon or interfering with the Subject Premises, including the posting of signs and contact with third parties, pending a hearing and determination of the preliminary injunction motion.

**1. B. The facts giving rise to the emergency relief.**

On September 24, 2026, Plaintiff discovered a handwritten note on or near the Subject Premises referencing an individual named "Tamas Balatoni," a telephone number (917-405-8426), and an address at Bellevue Ave, Ossining, NY, with the notation "Tel # of sign in front of House." This note demonstrates that Defendants or their agents have contacted third parties regarding the Subject Premises and have posted signs on the Property, constituting ongoing trespass and an immediate threat to Plaintiff's possessory rights. Defendants have also scheduled a public auction of the Subject Premises. The imminent auction and ongoing trespass constitute emergency circumstances warranting relief before a full hearing can be held.

**1. C. A statement of when the moving party first learned of the facts giving rise to the emergency relief.**

Plaintiff first learned of the facts giving rise to the emergency relief on September 24, 2026, when he discovered the handwritten note referencing Tamas Balatoni and the sign in front of the house. Plaintiff has acted diligently since that date, filing his initial motion on September 28, 2026, and now filing this compliant motion following the Court's October 14, 2026 Order.

**1. D. The specific injury that is imminent.**

Plaintiff faces imminent and irreparable injury consisting of: (i) the scheduled tax foreclosure auction of the Subject Premises; (ii) the transfer of title to a third-party bona fide purchaser, after which Plaintiff's possessory and ownership rights

would be irretrievably lost; (iii) ongoing trespass by Defendants and third parties, including the posting of signs; (iv) unauthorized contact with third parties regarding the Subject Premises; and (v) the continuing deprivation of Plaintiff's onstitutional rights to due process and equal protection of the laws.

**1. E. A statement of what occurred in any prior application for the relief now sought, including any appeal, and the result thereof.**

On September 28, 2026, Plaintiff filed a purported motion for temporary restraining order and preliminary injunction (Doc. 38-40). On October 14, 2026, the Court issued an Order (Doc. 41) denying the motion without prejudice because it failed to comply with Rule 4(F) of the Court's Individual Practices concerning applications for injunctive relief. Plaintiff has filed the present motion to cure the deficiencies identified by the Court. No appeal has been taken.

**2. A. A brief statement of the facts and the claim or defense and the relief sought.**

See Sections I-IV of the accompanying Memorandum of Law and the Declaration of Richard Hans Gillich, which are incorporated herein by reference. Plaintiff brings claims for quiet title under RPAPL Article 15, declaratory judgment under 28 U.S.C. § 2201, violations of 42 U.S.C. § 1983 for deprivation of due process and equal protection, unconstitutional taking, constructive conversion of identity and ownership, fraud upon the court, trespass, mail and wire fraud, and violation of the Privacy Act of 1974, 5 U.S.C. § 552a. Plaintiff seeks declaratory and injunctive relief, compensatory and punitive damages, and mandamus under 28 U.S.C. § 1361.

**2. B. A statement as to whether there has been any prior application for the same relief to the Court.**

Yes. Plaintiff filed a prior motion for temporary restraining order and preliminary injunction on September 28, 2026 (Doc. 38-40), which the Court denied without prejudice on October 14, 2026 (Doc. 41) for failure to comply with Rule 4(F) of the Court's Individual Practices.

**3. An affidavit or declaration in compliance with 28 U.S.C. § 1746 that sets forth:**

**(i) The moving party's efforts to give notice to the adverse party, including the date(s), time(s), and method(s) of notice, and the results thereof.**

Plaintiff has made the following efforts to give notice to Defendants' counsel of record:

- **To Robert H. Rosh, Esq., McCarthy Fingar LLP** (counsel for Village Defendants), 711 Westchester Avenue, Suite 405, White Plains, New York 10604: Notice by electronic mail on [DATE], at [TIME]; notice by Federal Express on [DATE]; and notice by first-class mail on [DATE].
- **To Darius P. Chafizadeh, Esq., Harris Beach Murtha LLP** (counsel for Town Defendants), 445 Hamilton Avenue, Suite 1206, White Plains, New York 10601: Notice by electronic mail on [DATE], at [TIME]; notice by Federal Express on [DATE]; and notice by first-class mail on [DATE].
- **To Christopher Herbert Feldman, Esq.**, and **Mathew Thomas Dudley, Esq.**, Harris Beach Murtha LLP: Notice by electronic mail on [DATE], at [TIME].

- **To Tamas Balatoni**, at his last known address of Bellevue Ave, Ossining, NY, and telephone number 917-405-8426: Notice by first-class mail on [DATE].

The results of these efforts are that Defendants' counsel of record have been served via the Court's CM/ECF system and by the methods described above. Plaintiff has notified Defendants of the relief sought and the grounds for the relief. Defendants have not consented to the relief sought.

**(ii) The reasons why the issuance of the temporary restraining order without notice is necessary.**

A temporary restraining order without notice is necessary because immediate and irreparable injury will result to Plaintiff before Defendants can be heard in opposition. Specifically:

(a) The Town of Mount Pleasant has scheduled a public auction of the Subject Premises. If the auction proceeds, title will be conveyed to a bona fide purchaser, and Plaintiff's possessory and ownership rights will be irretrievably lost;

(b) Defendants and their agents have posted signs on the Subject Premises and contacted third parties, including Tamas Balatoni, regarding the Subject Premises, constituting ongoing trespass and interference with Plaintiff's property rights;

(c) Defendants have engaged in fraud upon the court by naming deceased individuals as Respondents and failing to name the true owner, the RESTASSURED FAMILY TRUST, which was never served or given notice; and

(d) The loss of Constitutionally secured rights, even for minimal periods of time, constitutes irreparable injury. *Elrod v. Burns*, 427 U.S. 347 (1976).

However, because Plaintiff has made diligent efforts to notify Defendants' counsel of record, Plaintiff does not oppose a briefing schedule and hearing on an expedited basis if the Court deems such process appropriate.

**(iii) The reasons why the issuance of a temporary restraining order without notice would be appropriate under Rule 65(b), including the certification required by Rule 65(b)(1)(B).**

Plaintiff certifies in writing that the efforts made to give notice and the reasons why it should not be required are set forth above. Plaintiff certifies that he has made diligent efforts to notify Defendants' counsel of record by, Federal Express, and first-class mail, and has notified Defendants' counsel of the relief sought. Plaintiff further certifies that immediate and irreparable injury will result before Defendants can be heard in opposition because the scheduled auction and ongoing trespass threaten the loss of the Subject Premises and Plaintiff's Constitutional rights.

**4. A certificate of a pro se litigant.**

I, Richard Hans Gillich, proceeding *pro se*, certify that:

(1) I have read this Motion and the accompanying Declaration and Memorandum of Law;

(2) To the best of my knowledge, information, and belief, formed after reasonable inquiry under the circumstances, the presentation of this Motion and the accompanying papers is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;

(3) The claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;

(4) The factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and

(5) The denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

Thank you for your immediate attention to this matter.

Respectfully Submitted,

10-21-2026

Richard Hans Gillich
22 Gregory Street
Danbury, CT 06811
PRO SE

CERTIFICATE OF SERVICE

A copy of the foregoing was mailed on or about this 21st Day month of October year 2026 by regular first-class mail, postage prepaid the above document, MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION to the following parties: Notice to Agent Inferior is Notice to Agent Superior. Notice to Agent Superior is Notice to Agent Inferior.

Robert H. Rosh, Esq.
McCarthy Fingar LLP
711 Westchester Avenue, Suite 405
White Plains, New York 10604

Darius P. Chafizdeh, Esq.
Harris Beach Murtha LLP
445 Hamilton Avenue, Suite 1206
White Plains, New York 10601

Richard Hans Gillich
22 Gregory Street
Danbury, CT 06811
PRO SE

Gillich
22 Gregory Street
Danbury Connecticut

Pro Se Unit

RECEIVED
NOV 0 2 2026
PRO SE OFFICE

Retail

UNITED STATES POSTAL SERVICE

10601

RDC 99

U.S. POSTAGE PAID
FCM LG ENV
HAWLEYVILLE, CT 06440
OCT 21, 2026

$2.56

S2324Y502105-13

U.S. District Court
of Southern New York
300 Quarropas Street
White Plains, N.Y.
10601

RECEIVED
U.S.D.C.
W.P.